# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

PERETZ HUSANU,

    Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Defendant.

2:11-cv- 01191-JCM-VCF

**REPORT AND RECOMMENDATION**

## INTRODUCTION

On July 22, 2011, Plaintiff filed a Complaint in this court against the Secretary of Health and Human Services. (#1). Plaintiff received radiation treatment from 21st Century Oncology for his prostate cancer from March 18, 2009, to May 19, 2009. AR 3. Plaintiff alleges that he was charged for unnecessary radiation treatments and was improperly billed under his Humana Health Plan for costs relating to his radiation treatment. AR 46. Plaintiff's claims regarding the improper billing were denied by his plan, and on December 20, 2009, the denial was upheld by Maximus Federal Services. AR 46. Plaintiff appealed to the Department of Health and Human Services, and following telephone hearings on March 23, 2010, and June 10, 2010, Plaintiff received a partially favorable decision from Administrative Law Judge Wanda Kamphuis Zatopa (hereinafter "ALJ") on August 17, 2010. AR 43.

The ALJ ruled that Plaintiff was correctly charged coinsurance for (i) 19 "boost radiation treatments," (ii) the treatment device used for 25 radiation treatments and 19 boost radiation treatments, (iii) "radiation treatment management," and (iv) physics consultations. AR 56-57. The ALJ also ruled that Plaintiff was improperly charged coinsurance for "stereoscopic x-ray guidance." AR 57. On September 27, 2010, Plaintiff filed an administrative appeal with the Medicare Appeals

Council (hereinafter "MAC"). AR 9. On June 3, 2011, the MAC filed a Notice of Decision, affirming the ALJ's decision. AR 8.

Pursuant to 42 U.S.C.A. § 1395w-22(g)(5), Plaintiff filed a Complaint against the Secretary of Health and Human Services (hereinafter "Secretary"), seeking judicial review of the final decision denying his claims. AR 1, (#1). On December 7, 2011, Defendant filed an Answer asking this court to affirm the ALJ's decision and asserting seven affirmative defenses.[1] (#8). On January 4, 2012, Plaintiff filed a Reply Brief. (#10). On February 3, 2012, Defendant filed a Motion for Order Setting Forth a Briefing Schedule. (#11). On March 15, 2012, the court issued an Order setting a briefing schedule and setting forth the requirements for Plaintiff's Motion and Defendant's Opposition. (#14). Pursuant to the court's Order, Plaintiff filed a Motion for Reversal and/or Remand on April 4, 2012. (#15). On May 23, 2012, Defendant filed a Cross-Motion to Affirm in Opposition to Plaintiff's Motion for Reversal and/or Remand. (#19). Plaintiff filed his Reply on June 4, 2012. (#20).

Having reviewed these written arguments, the Administrative Record for the Department of Health and Human Services, and all other matters of record in this case, the undersigned magistrate judge respectfully submits the following Report and Recommendation.

## DISCUSSION

**I. Issues Presented.**

In Plaintiff's Motion, he provides the court with several documents in support of his claims.[2]

---

[1] Defendant asserts that (1) plaintiff's complaint fails to state one or more claims upon which relief can be granted, (2) insofar as plaintiff's complaint may be construed as a request for judicial review of the June 3, 2011 decision of the Medicare Appeals Council, the action arises under the Medicare Act, 42 U.S.C. § 1395, et seq., which limited the court's subject matter jurisdiction to determine if it was supported by substantial evidence and the applicable legal standards set forth in the Medicare Act., (3) plaintiff failed to exhaust administrative remedies, (4) plaintiff's claims are barred by the statute of limitations, (5) plaintiff's claims are barred by the doctrine of *res judicata*, (6) plaintiff's complaint contains allegations were not the basis for plaintiff's administrative claims, and (7) the court lacks subject matter jurisdiction over one or more claims. (#8).

[2] Documents include: (i) a copy of a signed consent form; (ii) medical records; (iii) a letter from Plaintiff's doctor discussing Plaintiff's "ongoing anxiety;" (iv) excerpts from the March 13, 2010, hearing transcript; (v) excerpts from Plaintiff's evidence of coverage; (vi) 42 C.F.R. § 422.2; (vii) excerpts from Plaintiff's summary of benefits; (viii) excerpts from the ALJ's Decision; (ix) graphical representations of Plaintiff's bills and fees; and (x) excerpts from the administrative record.

(#15). Plaintiff asserts that the ALJ erred in denying Plaintiff's claims, and specifically argues that (i) Plaintiff was improperly billed for 14 "boost treatments"; (ii) Plaintiff was improperly billed for a device (vac-loc cradle) that was never used during the course of his treatments; (iii) the ALJ incorrectly used information drafted by Plaintiff as evidence of payment by the Plan; (iv) the ALJ incorrectly based her decision on misleading and incorrect information; (v) Plaintiff did not agree to have his medical records used for research and education purposes; and (vi) Plaintiff received treatments that were medically unnecessary and that resulted in "bleeding radiation proctitis."[3]  (#15).

In its Cross-Motion and Opposition, Defendant states that Plaintiff's claims are without merit and that Plaintiff failed to comply with the court's March 15, 2012, Order. (#19). The court's Order required that Plaintiff provide the court with: (a) a specification of each and every alleged improper co-insurance charge that is allegedly supported by evidence contained in the administrative record; (b) a complete summary of all evidence adduced at the administrative hearing that supports plaintiff's claim with precise references to the applicable portions of the record; and (c) a complete but concise statement as to why the record does not contain substantial evidence to support the Defendant's claim. (#14). Although Plaintiff's Motion was not in direct compliance with the court's standards, *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Based on the Administrative Record and the parties' moving papers, the court was able to adequately understand Plaintiff's arguments and to issue this Report and Recommendation.

## II.     Standard of Review.

Under 42 U.S.C. § 405(g), the Secretary's denial of Plaintiff's claims will be disturbed only if the factual findings underlying the ALJ's decision are not supported by substantial evidence or if the decision fails to apply the correct legal standards. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.

---

[3] Plaintiff's contention that Plaintiff did not agree to have his medical records used for research and education purposes cannot be addressed by this court in reviewing the instant Motion for Reversal, because the issue was not adequately presented to the ALJ, nor was it addressed in her decision.

3

1999). The findings of the ALJ as to any fact shall be conclusive and must be upheld if supported by substantial evidence. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir. 1997). Whether substantial evidence supports a finding is determined from the record as a whole, with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *Id.* When the evidence can rationally be interpreted in more than one way, the court must uphold the Secretary's decision. *Id.*

**III. Analysis**

    **A. The ALJ Correctly Found that Plaintiff was Properly Billed**

        **1. Boost Radiation Treatments**

Plaintiff argues that Dr. J. Zapinski, Plaintiff's original oncologist, indicated that Plaintiff would require thirty (30) radiation treatments. (#15). Plaintiff asserts that he received forty-four (44) treatments, the last fourteen (14) of which were medically unnecessary. *Id.* Plaintiff also asserts that he communicated to Dr. Nguyen, his physician at 21st Century Oncology, that he was unable to pay for "the extra [fourteen] sessions." AR 134. Plaintiff claims that in response, Dr. Nguyen took him to the accounting department and arranged for Plaintiff to receive the fourteen boost treatments without paying his 20% coinsurance fee. *Id.*

The ALJ found that Plaintiff received twenty-five "large field treatments followed by [nineteen] boost treatments to the prostate alone." AR 49. The ALJ also found that this course of treatment is "the standard radiation therapy plan for treating prostate cancer." *Id.* The ALJ based her findings on documents provided by 21st Century Oncology, Inc. AR 58. Among the documents provided to the ALJ was medical literature showing that boost radiation treatments are "well-accepted in treating" Plaintiff's type of cancer. AR 8. The ALJ was also provided with: (i) Plaintiff's original radiation treatment plan; (ii) an electronic record of the treatment plan; (iii) daily treatment records; (iv) set up sheets; and (v) an order for the "vac-loc immobilization system." AR 58-59.

4

The ALJ determined that there was not an agreement to provide the fourteen boost treatments without charging Plaintiff the applicable coinsurance. AR 51. Instead, the ALJ found that Plaintiff entered into an agreement with 21st Century Oncology Inc., allowing him to make his coinsurance payments on a weekly payment arrangement. *Id.* The ALJ based this finding on the representation made by 21st Century Oncology, that "there was never an agreement not to bill [Plaintiff] for services provided." AR 90. The ALJ also found that there was no evidence in the record to dispute the information provided by 21st Century Oncology. AR 51.

### 2. Vac-Loc Cradle

Plaintiff asserts that he was incorrectly charged for a "vac-loc cradle" device that was never used during the course of his treatment. (#15). The ALJ determined that the vac-loc cradle, a device used to "shield and direct the radiation therapy," was used during the course of Plaintiff's treatment. AR 51. The ALJ based this finding on Plaintiff's medical records and on documents showing orders for a vac-loc cradle for patient Peretz Husanu. AR 7, AR 220. Plaintiff asserts that the ALJ incorrectly relied on documents showing orders for a vac-loc cradle as evidence that the vac-loc cradle was used. AR 10. Plaintiff argues that this was erroneous, because "the set-up conditions for treatments" is not evidence that the device was used. *Id.*

### 3. Discussion

Because the ALJ's determination that Plaintiff was correctly billed for fourteen boost radiation treatments and for the use of a vac-loc cradle device is supported by substantial evidence, reversal is not warranted. *See Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999). Plaintiff was enrolled in the Humana Health Plan, "A Medicare Advantage Organization Part C Plan ("Plan"). AR 46. The Plan's Evidence of Coverage explains Plaintiff's healthcare coverage, benefits, and payment requirements. AR 51, (Exh. 6). Under Plaintiff's Plan, Plaintiff was required to pay a 20%

coinsurance for nuclear medicine services[4], including radiation therapy. AR 52, AR 301. Based on the medical literature provided by 21st Century Oncology, showing that boost radiation treatments are "well-accepted in treating" Plaintiff's type of cancer, the ALJ correctly found that administering the fourteen boost treatments followed the standard practice for treating Plaintiff's prostate cancer. AR 8, AR 74-86. Based on Plaintiff's Evidence of Coverage, requiring a 20% coinsurance for nuclear medicine services, the ALJ correctly found that Plaintiff was required to pay a 20% coinsurance on the radiation treatments that Plaintiff received, including the fourteen boost treatments. *See* AR 301.

Plaintiff argues that the ALJ erroneously relied on orders and setup conditions for a vac-loc cradle as evidence that the device was used during Plaintiff's treatment. AR 10. Plaintiff maintains that the device was never used. *Id.* "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Using documents provided by 21st Century Oncology, the ALJ determined that the vac-loc cradle had been used during Plaintiff's treatment. AR 51-52. The ALJ used her discretion to rely on submissions from 21st Century Oncology, and as the ALJ is "the final arbiter with respect to resolving ambiguities in the medical evidence," this court is not permitted to second-guess the ALJ's discretionary determinations on appeal. *See Tommasetti v. Astrue*, 555 F.3d 1035, 1041-42 (9th Cir. 2008). As such, the ALJ correctly determined that the vac-loc cradle device was used during the course of Plaintiff's treatment. Based on the evidence that the device was used in Plaintiff's treatment, the ALJ correctly found that Plaintiff was required to pay a 20% coinsurance on the use of the vac-loc cradle device. *See* AR 7.

**B.     The ALJ Properly Assessed Plaintiff's Claims**

**1.     Evidence of Payments**

Plaintiff asserts that the ALJ based her ruling on misleading and incorrect information, and that the ALJ incorrectly used information drafted by Plaintiff as evidence of payment by the Plan. (#15).

---

[4] Defined as "radiology in which radioisotopes (compounds containing radioactive forms of atoms) are introduced into the body for the purpose of imaging, evaluating function, or localizing disease or tumors." AR 282.

1  Plaintiff argues that the summary of benefits referenced by the ALJ in her decision (Exh. 6) is not the
2  same as the summary of benefits that Plaintiff received from the Humana Health Plan.  AR 10.
3  Plaintiff also argues that the ALJ's decision was made based on the Medicare allowed charge, instead
4  of the actual payments made.  *Id.*   Plaintiff asserts that the Plan failed to pay for his treatments and
5  instead, he was billed for the full cost of treatment.  AR 10, AR 440.  Plaintiff submits that the
6  Humana Health Plan failed to submit the evidence of payment as requested by the ALJ, and that the
7  ALJ incorrectly relied on documents that had been created by the Plaintiff as evidence of payment by
8  the Plan.  AR 10.

### 2.     Discussion

Pursuant to 42 C.F.R. § 422.111, a Medicare Advantage Organization must disclose "the benefits offered under a plan, including applicable limitations, premiums and cost sharing (such as copayments, deductibles, and coinsurance) and any other conditions associated with receipt or use of benefits . . ." to each enrollee, in a "clear, accurate, and standardized form, at the time of enrolment, and at least annually thereafter . . . ." 42 C.F.R. § 422.111(a)-(b)(2) (2012).  The ALJ was presented with evidence that Plaintiff received Explanation of Benefits statements, detailing the dates and description of received services, the amount billed per service, the allowed amount, and the patient responsibility copay and coinsurance amounts, where applicable.  AR 48-49.  The ALJ and the Appeals Council determined that these statements were conclusive evidence that the Medicare Advantage Organization had paid for Plaintiff's treatments, and that Plaintiff was aware of Plaintiff's coinsurance responsibilities.  AR 48, AR 7.  Based on this evidence, the ALJ correctly determined that the Plan paid 21st Century Oncology for Plaintiff's radiation treatments, as required.

In ruling, the ALJ referred to a list of coinsurance charges (Exh. 2, pgs. 6-7) as a summary from Healthcare Partners of Nevada.  AR 48.  Plaintiff argues that this two page summary contains notes drafted by Plaintiff, and was incorrectly used by the ALJ as evidence of payment by the Plan. AR 10.  Although the ALJ makes reference to the documents, there is additional evidence in the record that supports the ALJ's finding that the Medicare Advantage Organization paid for Plaintiff's

treatments. *See* AR 70, AR 48. This evidence includes the Explanation of Benefits statements, that identify a date when payments were made under the title "date paid" or "explanation of benefit payments." AR 6. The Appeals Council found that although the bills provided to Plaintiff by 21st Century Oncology were potentially confusing, the Explanation of Benefits statements demonstrate the payments that were made by the Plan. AR 7. Because the record contains substantial evidence that supports the ALJ's determination that the Plan paid 21st Century Oncology for Plaintiff's radiation treatments, and that Plaintiff was correctly billed for the treatments he received, the decision must be upheld. *See* 42 U.S.C. § 405(g); *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).

**RECOMMENDATION**

The record before this court does not justify the requested reversal or remand. Because substantial evidence supports the ALJ's decision and the record does not support a finding of legal error, it is the recommendation of the undersigned United States Magistrate Judge that the ALJ's decision be affirmed and the Motion For Remand (#15) be DENIED.

DATED this 6th day of July, 2012.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

8